# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KORY KARINGTEN,
                    Appellant,

                    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                    Agency.

DOCKET NUMBER
AT-0752-24-0107-I-1

DATE:  May 13, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Amanda L. E. Smith</u>, Esquire, Buffalo, New York, for the appellant.

<u>Luis Ortiz Cruz</u>, Esquire, Orlando, Florida, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The agency has filed a petition for review of the initial decision, which reversed the appellant's chapter 75 removal after finding that the agency violated her due process rights.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appeal is timely, we AFFIRM the initial decision.

## BACKGROUND

Effective August 11, 2017, the agency removed the appellant from her position as a GS-1712-09 Training Specialist. *Croft v. Department of Veterans Affairs*,[2] MSPB Docket No. AT-0752-17-0703-I-2, Appeal File (0703 AF), Tab 12 at 1. The appellant filed an appeal with the Board, and on July 27, 2018, the administrative judge issued an initial decision reversing the removal action. *Id.* The administrative judge's interim relief order reinstated the appellant to her previous position pending the outcome of the agency's petition for review to the Board. *Id.* at 12-14.

In January 2021, while the agency's petition for review was pending before the Board, the agency competitively selected the appellant for promotion to the position of GS-0301-11 Program Specialist. *Karingten v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-24-0107-I-1, Initial Appeal File (0107 IAF), Tab 1 at 16.

---

[2] The appellant has legally changed her name from Sarafina Croft to Kory Karingten. *Karingten v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-24-0107-I-1, Initial Appeal File (0107 IAF), Tab 4 at 68.

On August 24, 2023, while the appellant was serving in the Program Specialist position, the Board issued a Final Order reversing the administrative judge's July 2018 initial decision and upholding the agency's 2017 removal action. *Croft v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-17-0703-I-2, Final Order (Aug. 24, 2023).

On August 30, 2023, the agency issued a letter to the appellant entitled "Decision on Removal Proposed Under the Authority of 5 U.S.C. Ch. 75," which noted the appellant's 2017 removal and the Board's August 2023 decision affirming that removal and stated that, pursuant to that decision, the agency was "hereby providing [her] notice of [her] immediate termination from federal service." 0107 IAF, Tab 1 at 17. The appellant filed the instant Board appeal on November 10, 2023, challenging this second removal action. *Id.* at 1.

In an initial decision dated January 30, 2024, the administrative judge reversed the agency's 2023 removal action. 0107 IAF, Tab 11, Initial Decision (ID) at 1. The administrative judge concluded that the Board had jurisdiction over the appeal, ID at 3; that, although the appellant filed her appeal beyond the regulatory filing period, good cause existed to waive the time limit for filing the appeal, ID at 3-4; and that the agency had violated the appellant's right to due process—including prior notice and an opportunity to respond—in effecting the 2023 removal, ID at 4-6. Specifically, the administrative judge found that the agency's August 30, 2023 letter "summarily" announced the appellant's removal from Federal service "without citing any misconduct or unacceptable performance in the position from which she was being removed [the GS-0301-11 Program Specialist position and not the GS-1712-09 Training Specialist position], and without affording her an opportunity to respond." ID at 5. In response to the agency's argument that the appellant's promotion occurred during the interim relief period and that the interim relief period ended the day the Board issued its August 2023 decision sustaining the agency's 2017 removal action, the administrative judge explained that he found that the agency "effectively ended"

the interim relief ordered in the 2018 initial decision when it promoted the appellant "to a position different from the one for which interim relief was ordered." ID at 6-7. The administrative judge ordered the agency to cancel the removal and retroactively restore the appellant to the Program Specialist position effective September 1, 2023. ID at 6.

The agency has filed a petition for review, *Karingten v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-24-0107-I-1, Petition for Review (PFR) File, Tab 1, and the appellant has filed a response, PFR File, Tab 3.

## ANALYSIS

### We modify the initial decision to find that the appeal is timely.

On review, the agency briefly challenges the administrative judge's timeliness determination. PFR File, Tab 1 at 12. As noted above, the appellant filed her appeal of the agency's 2023 removal action on November 10, 2023. 0107 IAF, Tab 1. In the initial decision, the administrative judge found that the appellant "clearly filed her appeal well beyond the regulatory filing period." ID at 3 (citing 5 C.F.R. § 1201.22 (stating that an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later)). Nevertheless, the administrative judge found that the appellant showed good cause to waive the time limit for filing the appeal because the agency failed to advise her of any review rights she might have. ID at 4.

We modify the initial decision to find that, contrary to the administrative judge's conclusion, the appeal is timely. The appellant indicated below that she received the agency's removal decision on its effective date, September 1, 2023.[3]

---

[3] The record is somewhat unclear as to the effective date of the agency's action and the date of the appellant's receipt of the agency's decision. The removal decision, dated August 30, 2023, indicates that the removal was effective immediately, while the appellant's Standard Form (SF) 50 notes the effective date as September 2, 2023. 0107 IAF, Tab 1 at 17, Tab 4 at 47. Additionally, the appellant notes on her initial appeal form that she received the agency's decision letter on September 1, 2023, but

0107 IAF, Tab 1 at 8. Therefore, her appeal was ostensibly due Monday, October 2, 2023. *See* 5 C.F.R. §§ 1201.22-.23. However, as the appellant correctly points out in her petition for review response, the Board issued a number of blanket filing extensions during this period due to the launch of the Board's new e-Appeal system. *See* PFR File, Tab 3 at 7-8, 16-17. Specifically, any filing deadline that fell during the transition period between September 9, 2023, and October 6, 2023, was automatically extended by 42 days. *See* PFR File, Tab 3 at 16. Taking this into consideration, the appellant had until November 13, 2023 to file her appeal.[4] Thus, her appeal is timely.

<u>We agree with the administrative judge that the agency violated the appellant's due process rights in effecting her removal from the Program Specialist position.</u>

On review, the agency contends that the administrative judge legally erred in finding that its decision to promote the appellant to a new position in early 2021 ended the interim relief ordered in the administrative judge's 2018 initial decision. PFR File, Tab 1 at 10-11. The agency asserts that the administrative judge's conclusion is contrary to the administrative judge's 2018 interim relief order, that it was required to enforce the Board's Final Order sustaining the appellant's removal regardless of her current position, and that, because the appellant's 2021 promotion occurred during the interim relief period, her promotion would not have happened "but for" the interim relief and so, "when the Board found the [a]ppellant's removal appropriate, it negated any basis to continue with that interim relief." *Id.* at 11. Similarly, the agency also argues that the administrative judge erred in finding that the agency violated the

---

also states she received it on September 2, 2023. 0107 IAF, Tab 1 at 8, 18. Regardless, our determination as to the timeliness of the appeal is not affected by either discrepancy.

[4] While the appellant argues on review that the Board extended this deadline by an additional 10 calendar days, PFR File, Tab 3 at 8, the Board's additional 10-day extension applied only to deadlines falling from October 21 to October 30, 2023, and thus did not apply to her filing deadline, *id.* at 17. In any event, her appeal was timely filed.

appellant's due process rights because it was enforcing the Board's final order, and because the agency had informed the appellant of her due process rights when she was originally removed in 2017. *Id.* at 11-12.

We are not persuaded by the agency's assertions. The U.S. Supreme Court held in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), that the government's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an action that deprives her of her property right in her employment constitutes an abridgement of her constitutional right to due process of law. The right to minimum due process is "absolute" and does not depend on the merits of the claim. *Carey v. Piphus*, 435 U.S. 247, 266 (1978). Here, the administrative judge reasonably found that the agency "effectively ended" the interim relief ordered in the 2018 initial decision when it competitively promoted the appellant to an entirely new job series and position as a GS-0301-11 Program Specialist, and we agree that the agency violated the appellant's due process rights by immediately removing her from that position without any claim of unacceptable performance or misconduct, much less notice and an opportunity to respond. ID at 4-6.

Although the agency contends that the administrative judge's finding that the agency effectively ended the interim relief period when it promoted the appellant to the Program Specialist position is contradictory to the 2018 interim relief order and "violates" 5 U.S.C. § 7701(b)(2)(A), which generally provides for interim relief, it provides no further explanation or support for its assertions. PFR File, Tab 1 at 11; *see also Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Riggsbee v. Office of Personnel Management*, 111 M.S.P.R. 129, ¶ 11 (2009) (explaining that an appellant's mere disagreement with the administrative judge's explained factual findings and legal conclusions therefrom does not provide a basis to disturb the initial decision). And we

disagree. The 2018 interim relief order simply directed the agency to "effect the appellant's appointment to the position of Training Specialist, GS-1712-0[9]" and for the appellant to "receive the pay and benefits of this position while any petition for review [wa]s pending." 0703 AF, Tab 12 at 13. Nothing in the administrative judge's initial decision is inherently contradictory to the earlier interim relief order or the regulations regarding interim relief.

What is inconsistent is the agency competitively selecting the appellant for an entirely new position while her removal appeal was still pending before the Board, instead of just continuing to have the appellant work in the GS-1712-09 Training Specialist position per the interim relief order. Although the agency contends that "without the interim relief there is no job and no promotion," it provides no evidence or argument that the Program Specialist position was only open to current members of the Federal service. PFR File, Tab 1 at 11. The agency did not have to select the appellant. It is also true that without the agency promoting the appellant to a new position there is likely no issue over whether the agency properly removed her. The confusion here is entirely of the agency's own making.

Additionally, the agency's claim that it did not need to provide the appellant with due process when it terminated her in 2023 because it had informed her of her due process rights when she was originally terminated in 2017 is not convincing. PFR File, Tab 1 at 11-12. The agency provides no support for such a claim that providing notice of a proposed removal from one position is effective due process for a subsequent, instantaneous removal from an entirely different position. *See Wickramasekera v. Veterans Administration*, 21 M.S.P.R. 707, 714 (1984) (declining to disturb a finding on the basis of an undeveloped and unsupported argument). In 2017, the appellant was a GS-1712-09 Training Specialist and the agency removed her based on a charge of disruptive behavior. 0703 AF, Tab 12 at 1. In 2023, the appellant was a GS-0301-11 Program Specialist and, as the administrative judge pointed out, had

been performing in this position for almost 3 years and faced no charge of any misconduct or unacceptable performance in this position. ID at 5. In its petition for review, the agency acknowledges that the instant appeal concerns the appellant's removal from the Program Specialist position, *not* the Training Specialist position. PFR File, Tab 1 at 9. Based on the record, the administrative judge reasonably concluded that the agency promoting the appellant to a new position ended the interim relief period and that the agency failed to provide her minimum due process in removing her from the Program Specialist position in 2023. *See Clay*, 123 M.S.P.R. 245, ¶ 6.

**ORDER**

We ORDER the agency to cancel the removal and restore the appellant effective September 1, 2023. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐   1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐   2) Settlement agreement, administrative determination, arbitrator award, or order.

☐   3) Signed and completed "Employee Statement Relative to Back Pay".

☐   4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐   5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐   6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐   7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.